UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| GLYNN DRAVIN VON FOX, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:23-cv-03716 (UNA) |
| | ) | |
| BRIAN CHRISTMAN, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Currently before the court is plaintiff's *pro se* complaint ("Compl."), ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. The court grants plaintiff's IFP application and, for the reasons explained below, dismisses this matter without prejudice.

Plaintiff, a resident of Hanahan, South Carolina, names a single defendant to this lawsuit, namely, an individual named Brian Christman, who resides in Washington state, although any intended claims against him are entirely unclear. *See* Compl. at 1–2, 10. The body of the complaint then lists hundreds of additional "et al parties," including, but not limited to U.S. states, domestic and international cities, foreign countries, government officials, celebrities, small businesses, large corporations, and organizations—both real and imagined. *See id.* at 3–8. Plaintiff demands $4.6 million in damages for alleged inconveniences and perceived slights that he experienced in the United Kingdom at some unknown point during the COVID-19 pandemic. *See id.* at 6–8, 11. Simply put, the complaint is almost entirely incomprehensible, failing to comply with Federal Rule 10(a)–(b) and D.C. Local Civil Rule 5.1(c)(1), (d), (e), and (g), and failing to state any cognizable claim.

*Pro se* litigants must comply with the Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). In addition to the Rules cited above, Federal Rule 8(a) notably requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). When a pleading "contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments [,]" it does not fulfill the requirements of Rule 8. *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom*. *Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). "A confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted). The instant complaint falls squarely within this category.

Consequently, this matter is dismissed without prejudice. A separate order accompanies this memorandum opinion.

DATE: January 29, 2024               /s/ CHRISTOPHER R. COOPER
                                     United States District Judge